## 75150. IN RE BOOKER.
### (367 SE2d 850)

BENHAM, Judge.

By means of an order filed December 9, 1986, the trial court adjudged M. V. Booker, an attorney, to be in wilful contempt of court. On March 18, 1987, the trial court denied Booker's motion to set aside the judgment, as well as her motion to recuse the trial judge. On April 6, 1987, Booker then filed with this court an application for review of the December order holding her in contempt. The application for review was dismissed because an order finding one in contempt of court is a subject for direct appeal. OCGA § 5-6-34 (a) (2); *Ramsey v. Ramsey*, 231 Ga. 334 (1) (201 SE2d 429) (1973). On April 10, 1987, the day her application for leave to appeal was dismissed, Booker filed a notice of appeal "from the order of court rendered March 16, 1987, . . . holding her in contempt of court and denying her Motion to Set Aside Judgment and Motion to Recuse."

The orders of March 16, 1987, referenced in Booker's notice of appeal, were filed March 18, 1987, and deny Booker's motion to recuse and motion to set aside the judgment of contempt. The appeal from the denial of a motion to set aside a judgment requires an application for discretionary review. OCGA § 5-6-35 (a) (8). The appeal from an order denying a motion to recuse requires an application for interlocutory review. See *Isaacs v. State*, 257 Ga. 126 (355 SE2d 644) (1987). Booker followed neither procedure with regard to the orders of which she now seeks review, and accordingly her appeal with regard to those rulings must be dismissed because noncompliance with those procedures leaves this court without jurisdiction to consider an appeal. *Echols v. State*, 163 Ga. App. 905 (296 SE2d 366) (1982); *Hogan v. Taylor County Bd. of Education*, 157 Ga. App. 680 (278 SE2d 106) (1981). The order holding Booker in contempt, from which a direct appeal may be taken (OCGA § 5-6-34 (a) (2)), was filed December 9, 1986. Booker's notice of appeal, filed April 10, 1987, was untimely, and therefore that portion of the appeal must also be dismissed. OCGA § 5-6-38 (a); *Quarterman v. Quarterman*, 170 Ga. App. 376 (1) (317 SE2d 206) (1984).

*Appeal dismissed. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 14, 1988 —
REHEARING DENIED MARCH 31, 1988 — 

*M. V. Booker*, pro se.
*Dennis C. Sanders, District Attorney*, for appellee.