A90A2342. BEDFORD, KIRSCHNER & VENKER, P.C. v.<br>GOODMAN.<br>(399 SE2d 723)

Deen, Presiding Judge.

Appellant moved for recusal of the trial judge on the basis that he is likely to be a material witness in the appellee's motion for attorney fees and expenses under OCGA § 9-15-14. The judge refused to recuse himself, ruling that the motion was untimely and that the affidavit was insufficient. We granted appellant's application for interlocutory appeal. Appellant claims the trial court erred in not recusing himself and by failing to assign the recusal motion for hearing by another judge. *Held*:

Appellant is a law firm that represented Harold J. Gaines in his suit filed in July 1986 against James Goodman, alleging that Goodman breached his fiduciary duty to Gaines by improperly disclosing confidential information acquired while Goodman was acting as attorney for Gaines. Goodman counterclaimed against Gaines for abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). On December 12, 1988, the trial court entered summary judgment in favor of Goodman on the malpractice allegations in the complaint. Although the court found undisputed evidence of an attorney-client

relationship between Goodman and Gaines, it concluded that the confidential information had been communicated to a third party; thus Gaines had waived the attorney-client privilege protecting disclosure of the information and was not entitled to recovery. On June 12, 1989, Goodman filed a motion under OCGA § 9-15-14 seeking an award of attorney fees and expenses against Gaines and his attorneys, Bedford, Kirschner & Venker, P.C. The trial court dismissed the motion as premature because the abusive litigation counterclaim remained pending. Thereafter. the trial court entered an order allowing appellant to withdraw as counsel for Gaines on the pending counterclaim because of a potential conflict of interest arising out of the abusive litigation and OCGA § 9-15-14 claims. On March 6, 1990, Gaines filed a sworn confession of judgment with respect to the pending counterclaim, in which he reversed his previous positions in the suit, admitted liability in the amount of $100,000, denied that Goodman had ever represented him, and stated that appellant, as his attorney, intentionally asserted groundless claims against Goodman. The trial court accepted the confession of judgment and entered a final judgment in the case on March 6, 1990, from which no appeal was taken.

On April 11, 1990, Goodman again moved under OCGA § 9-15-14 for an award of attorney fees and expenses against appellant and Gaines. In reciting a final disposition of the action, the motion states in part that, "This Court, after discussing the. matter with Plaintiff Harold J. Gaines, accepted said Confession of Judgment and included it in the Court's Final Order, Judgment and Decree, dated and entered March 6, 1990." On May 10, 1990, appellant filed a motion for recusal of the trial judge, claiming that the discussion or hearing the judge had with Gaines respecting the confession of judgment may make the judge a material witness in the pending motion for attorney fees and expenses under OCGA § 9-15-14. The affidavit in support of the motion for recusal states that on May 10, 1990, affiant contacted the judge's secretary, who related that the judge met in chambers with the parties, Goodman and Gaines, and that she knew of no transcript or record of the meeting. The motion and affidavit state that since appellant was not notified of the meeting, and no record exists of what information relevant to the OCGA § 9-15-14 dispute may have been communicated to the judge, this disqualifies the judge under Canon 3 (C) (1) (d) (iv) of the Code of Judicial Conduct, as a likely material witness in the current proceedings.

We disagree. Rule 25.2 of the Uniform Superior Court Rules provides that when a trial judge is presented with a motion for recusal accompanied by an affidavit, the judge's duty is limited to determining the timeliness of the motion and the sufficiency of the affidavit. *Bouldin v. State*, 179 Ga. App. 394, 395 (346 SE2d 871) (1986). The test for determining the sufficiency of the affidavit is whether, assum-

ing the truth of the facts alleged, a reasonable person would conclude that the judge is likely to be a material witness in the proceedings. See *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980). Under this standard we find no error in the trial court's determination that the affidavit was insufficient to warrant his recusal. The affidavit shows no more than an unrecorded hearing held in the judge's chambers regarding entry of a confession of judgment on the pending counterclaim, attended by all the parties to the counterclaim. This was not an ex parte communication with the judge from which appellant was improperly excluded, since appellant was not a party to the counterclaim and had already withdrawn as counsel for Gaines.[1] The affidavit's anticipation that the judge will be a material witness is not based on any facts which would reasonably support such a conclusion. See *Hardman v. Hardman*, 185 Ga. App. 519, 520 (364 SE2d 645) (1988). It is not necessary for us to reach the issue of timeliness, since the insufficiency of the affidavit disposes of the case.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 19, 1990 —
REHEARING DENIED DECEMBER 4, 1990 —

*Bedford, Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker*, pro se.

*Goodman & Bush, F. Clay Bush*, for appellee.

---

[1] Until appellant became a party to the OCGA § 9-15-14 motion, filed after final disposition of the underlying action, it had no standing to claim a legal interest in the resolution of the counterclaim. After being made a party to the motion, appellant would be entitled to pursue discovery of matters relevant to the motion.