## A92A0184. WARRINGER v. WARRINGER.
(418 SE2d 446)

ANDREWS, Judge.

A final decree divorcing appellant and appellee was entered on February 25, 1991. Subsequently, on May 21, 1991, the trial court entered an order finding appellant in willful contempt. Prior to the hearing on the contempt motion, appellant filed a motion to recuse the judge who was scheduled to hold the hearing. A written order denying appellant's motion to recuse was entered on June 19, 1991. On July 17, 1991, appellant filed a notice of appeal based solely on the trial court's denial of his motion to recuse.

The denial of the motion to recuse was not a final order, see e.g., *Stevens v. Myers,* 190 Ga. App. 61 (378 SE2d 334) (1989), and the application procedures of OCGA § 5-6-34 (b) were necessary. Appellant's failure to comply with these provisions mandates the dismissal of this appeal. See generally *Bedford, Kirschner & Venker v. Goodman,* 197 Ga. App. 858 (399 SE2d 723) (1990). Appellee's motion for penalties for a frivolous appeal is denied.

*Appeal dismissed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the dismissal, but not for the reason advanced. An application under OCGA § 5-6-34 (b) would not be appropriate in this case because the order was not entered during the pendency of the action but instead almost a month after it was concluded on the merits. The procedure provided for in OCGA § 5-6-34 (b) requires the applicant to show "the need" for appellate review of an interlocutory ruling which the trial court has certified "is of such importance to the case that immediate review should be had." That cannot be done in this case because the court did not enter the order prior to conducting the hearing which it affected.

Appellant's remedy, in the absence of a written order denying recusal, was to file a timely direct appeal from the judgment on the merits and in that appeal to enumerate as error the implicit or de facto denial of the motion or the court's refusal to rule on it prior to the hearing, if the latter was the case. The appeal within 30 days of the order entered on the question of recusal is simply too late to appeal from the refusal of the trial judge to recuse herself.

DECIDED APRIL 29, 1992.

*David R. Rogers*, for appellant.
*Bivens & Hoffman, L. Brown Bivens*, for appellee.