A94A1223. ROLLESTON v. GLYNN COUNTY BOARD OF TAX ASSESSORS.

(445 SE2d 345)

BLACKBURN, Judge.

Appellant, Moreton Rolleston, Jr., an attorney, appealed, pro se, to the Glynn County Board of Equalization the 1992 property reappraisals of two pieces of property he owns on Sea Island, Georgia. A hearing was held by the Board of Equalization on February 10, 1993, and the Board upheld the appraisals. On February 16, 1993, Rolleston appealed to the Superior Court of Glynn County seeking de novo review of the Board's findings and demanding a jury trial. Rolleston moved to disqualify the assigned judge and all other judges of the Brunswick Judicial Circuit from presiding over his de novo appeal and moved for summary judgment against the Board of Tax Assessors. This appeal arises from the superior court's orders denying the motion to recuse, deferring ruling on the motion for summary judgment, and remanding the case for a hearing before the Board of Equalization.

The superior court remanded the case for a hearing before the Board of Equalization because the record showed that due to an inadvertent mailing error, Rolleston had not received notice of, and did not participate in, the Board's original hearing regarding his appeal of the property assessments. The order of the court provided that "the Court finds that this case should be remanded for a hearing before

the Board of Equalization. . . . While [Rolleston] seeks summary judgment on the merits of his claim, the Court finds it would be in the public interest to defer ruling on that portion of his motion at this time. Should [Rolleston] prevail on his hearing before the Board of Equalization, this case would become moot. . . . In the interest of judicial economy, the Court will permit this case to remain in active status pending the outcome of the administrative proceedings conducted pursuant to this Order."

We find such an order is not a "final judgment" as contemplated by OCGA § 5-6-34 (a) (1), and therefore, an appeal of the order requires an application for interlocutory review. See OCGA § 5-6-34 (b); *Earp v. Kranats*, 184 Ga. App. 316, 317 (361 SE2d 217) (1987); *Hardison v. Booth*, 160 Ga. App. 69 (286 SE2d 60) (1981). Indeed, the order itself provides that the case shall "remain in active status" pending the outcome of the Board's hearing. Likewise, an appeal from an order denying a motion to recuse is not a final judgment and requires an application for interlocutory review. *In re Booker*, 186 Ga. App. 614 (367 SE2d 850) (1988). As Rolleston has failed to follow the procedures for filing interlocutory appeals, this court is without jurisdiction to consider the appeal and the appeal must be dismissed. See id.

*Appeal dismissed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 15, 1994.

*Moreton Rolleston, Jr.*, pro se.
*W. Gary Moore, Desiree E. Watson*, for appellee.