A02A0404. ELLIS v. STANFORD et al.
(568 SE2d 157)

MIKELL, Judge.

Margarethia G. Ellis and her husband, Clarence Ellis, signed a contract for the sale of their home to William Brent Stanford and Angela Stanford. Shortly thereafter, Mr. Ellis sued Ms. Ellis for divorce. Ms. Ellis refused to close on the sales contract, and the Stanfords sued her for specific performance and attorney fees. The

trial court granted the requested relief, and Ms. Ellis appeals. We affirm.

1. Initially, we address the Stanfords' motions to dismiss this appeal based on the failure of Ms. Ellis's counsel, Lecora Bowen, to serve a copy of her brief on opposing counsel. Under Court of Appeals Rule 1 (a), "[a]ll filings, documents, motions, briefs . . . shall show that copies have been furnished to opposing counsel. . . . Service shall be made before filing. Any document without a Certificate of Service will not be accepted for filing." Ellis's brief, filed on January 18, 2002, contains no certificate of service. The Stanfords' counsel ultimately obtained a copy through diligent inquiry with the clerk of this Court. Thereafter, counsel was granted an extension of time in which to file a responsive brief. Although Bowen clearly violated this Court's rule, the Stanfords have not been prejudiced, because we affirm the judgment below. Therefore, the motions to dismiss this appeal are denied.

2. Ms. Ellis enumerates as error the order denying her motion to recuse the trial judge. Additionally, she assigns error to the dismissal of her notice of appeal as it related to that order.

Denials of motions to recuse are interlocutory in nature. An appeal of such an order requires compliance with the interlocutory appeal provisions of OCGA § 5-6-34 (b).[1] Ms. Ellis did not comply with those procedures, and the trial court was correct in dismissing the notice of appeal. However, interlocutory orders are reviewable upon appeal from the final judgment. "[OCGA] § 5-6-34 (d) permits an order that, standing alone, would be subject to the application requirements of § 5-6-34 (b) to be added to the appeal of an order that is directly appealable."[2]

On the merits, however, we find no error in the denial of Ms. Ellis's motion to recuse. Uniform Superior Court Rule 25.1 requires that a recusal motion be filed and presented to the judge "not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause be shown for failure to meet such time requirements. In no event shall the motion be allowed to delay the trial or proceeding." In this case, the recusal motion was filed one week after trial and the day before a hearing on the Stanfords' motion to hold Ms. Ellis in contempt of the trial court's order requiring her to execute a deed and other documents necessary to convey the property to the Stanfords. It was not brought to the

---

[1] *Rolleston v. Glynn County Bd. of Tax Assessors*, 213 Ga. App. 552, 553 (445 SE2d 345) (1994).

[2] *Martin v. Williams*, 263 Ga. 707, 710 (3) (438 SE2d 353) (1994); accord *Reliance Ins. Co. v. Cobb County*, 235 Ga. App. 685, 686 (510 SE2d 129) (1998).

court's attention until the contempt hearing. The motion, therefore, was untimely filed.

Nevertheless, after Bowen complained that the court had "fast tracked" the case, the court apparently determined that "good cause" had been shown for the delay in filing the motion, because the court permitted Bowen to state the grounds for recusal. Ms. Ellis sought to disqualify the judge because Mr. Ellis, the mayor of Macon, had appointed the judge to serve on a diversity committee comprising 80 members of the community. The judge noted that he had attended one meeting in a crowded city auditorium. The judge also explained that he was not a close personal friend of the mayor and that neither man had visited the other's home. Finally, the court pointed out that the mayor was not a party to the action.[3]

The Stanfords moved to dismiss the motion, but the judge declined, deciding to refer the matter to the chief judge for a hearing pursuant to USCR 25.3. After a hearing, which was not transcribed, the chief judge denied the motion. Pretermitting whether Ms. Ellis waived appellate review of this issue by failing to provide a transcript, her motion stated no valid ground for recusal. The Code of Judicial Conduct, Canon 3 (E) Disqualification (1), states: "Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party. . . ."

> "Impartiality might reasonably be questioned" means a reasonable perception, of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates, seeking to judge shop and to gain a trial advantage, because both of their credibility is suspect from self-interest.[4]

"[K]eeping in mind the reality that any judge will have 'come to the bench after having had extensive contacts with the community,' "[5] we conclude that appointment to a committee of 80 members, without more, is not enough to call into question the trial judge's impartiality in this case. The limited relationship between the mayor and the judge did not warrant recusal.[6]

---

[3] Although Ms. Ellis initially filed a cross-claim against Mr. Ellis, she later dismissed it.

[4] *Baptiste v. State*, 229 Ga. App. 691, 694 (1) (494 SE2d 530) (1997).

[5] (Citation omitted.) *Sears v. State*, 262 Ga. 805 (1) (b) (426 SE2d 553) (1993).

[6] Id.

3. In her second enumeration of error, Ms. Ellis argues that the trial court erred in denying her "motion to set aside judgment." However, no such order appears in the record. In her fifth enumeration of error, Ms. Ellis complains that the trial court allowed her insufficient time for discovery. Neither enumeration is supported by reasoned argument or citation to authority. Therefore, each enumerated error is deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

4. Ms. Ellis next contends that the trial court erred in denying her constitutional right to trial by jury. We disagree. There is no constitutional right to a jury trial in equity cases,[7] and an action for specific performance lies in equity.[8]

5. We construe Ms. Ellis's fourth enumeration as a challenge to the sufficiency of the evidence. "Appeals from bench trials, where the trial judge sits as the trier of fact and has the opportunity to assess the credibility of the witnesses, are reviewed under the clearly erroneous standard. And we will not disturb a trial court's findings if there is any evidence to support them."[9] In the instant case, ample evidence supports the trial court's findings that on March 30, 2001, the Stanfords, as well as Mr. Ellis, were ready, willing, and able to close on the property, that they executed the closing documents, and that Ms. Ellis refused to execute the documents because she had learned after signing the sales agreement that Mr. Ellis was divorcing her. Ms. Ellis never attacked the validity of the agreement. Indeed, Ms. Ellis did not appear at trial, and no evidence was presented on her behalf. This enumeration is meritless.

6. Ms. Ellis challenges the trial court's order awarding $7,000 in attorney fees to the Stanfords under OCGA § 9-15-14 (a).[10] Ms. Ellis first argues that the judgment should be reversed because she was not stubbornly litigious. However, OCGA § 9-15-14 (a) does not require a finding of stubborn litigiousness. Rather, the trial court must award reasonable and necessary attorney fees under this Code section where the offending party's position displayed "such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept" it. The statute applies to conduct occurring during the litigation.[11] OCGA § 13-6-11, on the other hand, permits an award of attorney fees where the defendant

---

[7] *Clayton v. Deverell*, 257 Ga. 653, 656 (6) (362 SE2d 364) (1987).

[8] *Cawthon v. Douglas County*, 248 Ga. 760, 762 (1) (286 SE2d 30) (1982); *A&D Asphalt Co. v. Carroll & Carroll of Macon*, 247 Ga. App. 77, 79 (1) (543 SE2d 397) (2000).

[9] (Citation and punctuation omitted.) *Paul Dean Corp. v. Kilgore*, 252 Ga. App. 587, 590 (1) (556 SE2d 228) (2001).

[10] The order holds Ms. Ellis and Bowen jointly and severally liable based upon a finding that the action was "unreasonably defended because of unprofessional legal advice given to [Ms. Ellis] by her attorney. . . ."

[11] *Stone v. King*, 196 Ga. App. 251, 253 (3) (396 SE2d 45) (1990).

has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. It applies to conduct arising from the underlying transaction.[12]

An award based on OCGA § 9-15-14 (a) will be affirmed if there is any evidence to support it.[13] In this case, the trial court made detailed findings of fact, based upon ample evidence of record, which support its conclusion that Ms. Ellis lacked a viable defense to the action. Ms. Ellis claims that she did not close on the property because the survey had not been completed. However, she presented no evidence to substantiate this theory; her brief cites only to arguments of counsel made during the hearing on attorney fees. "[I]t is a basic principle of evidence law that such argument is not evidence."[14] The contract, in paragraph 5 (c), does not require a survey. According to the contract, if a survey were performed and it revealed discrepancies, the buyers, not the sellers, could avoid performance. A survey would in no way benefit the sellers. It was frivolous for Ms. Ellis, a seller, to argue that she refused to close because the closing attorney was tardy in ordering a survey.

Ms. Ellis next argues that the amount awarded, $7,000, was speculative. She is correct that a "determination of the amount of attorney fees cannot be based on guesswork or speculation."[15] However, such was not the case here. At the hearing, held on June 1, 2001, the Stanfords' lead counsel, L. Robert Lovett, tendered a "pre-bill" into evidence which reflected fees of $3,582.90 through May 3, 2001. Lovett's associate, Bridgette M. Cooper, testified that the pre-bill did not include her time at two hearings and that she arrived at the figure of $7,000 after reviewing time sheets for herself, lead counsel, and a paralegal. Specifically, Cooper testified that she performed 45 hours of work on the case, and her billing rate was $100 per hour. She further testified that Lovett had worked 22 hours at a rate of $155 per hour, totaling $7,910 for the two attorneys. Approximately 15 of Lovett's hours are documented in the pre-bill. In addition, Cooper submitted an affidavit stating that the Stanfords had incurred legal fees of $5,585 through May 9, 2001. We find this evidence sufficient to support the trial court's award of $7,000 in fees.

7. The Stanfords request damages for frivolous appeal pursuant to OCGA § 5-6-6. Although we find no merit in the appeal, we cannot conclude it was asserted for purposes of delay only. Accordingly, the motion is denied.

---

[12] Id. We note that the complaint prayed for attorney fees pursuant to both OCGA §§ 13-6-11 and 9-15-14.

[13] *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

[14] *City of Atlanta v. Heard*, 252 Ga. App. 179, 182 (1) (555 SE2d 849) (2001).

[15] *Redwine v. Windham*, 237 Ga. App. 149, 151 (513 SE2d 13) (1999).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 2, 2002.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Lecora Bowen*, for appellant.
*Lovett, Cowart & Ayerbe, L. Robert Lovett, Bridgette M. Cooper*, for appellees.