# Court of Appeals
# of the State of Georgia

ATLANTA,   November 09, 2016

*The Court of Appeals hereby passes the following order:*

## A17A0557.  JOEL A. DALLOW v. MARY ELLEN DALLOW.

Joel A. Dallow has filed an appeal of the trial court's order denying his motion to recuse the trial court judge.  We lack jurisdiction.

In the underlying proceeding, Mary Ellen Dallow filed a petition for divorce from Joel Dallow.  It appears that the trial court entered an order regarding the custody of their children, and Joel Dallow filed an appeal of that order in the Supreme Court. On February 23, 2016, the trial court denied Joel Dallow's motion to recuse the trial court judge.  Joel Dallow filed an appeal of that order in the Supreme Court.  The Supreme Court transferred the appeal to this Court, explaining that the appeal was not from a final judgment of divorce and the sole issue on appeal, recusal, was a matter other than divorce or alimony.

Orders denying motions to recuse are interlocutory, and appeals of such orders require compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court.  *Murphy v. Murphy*, 322 Ga. App. 829, 829-832 (747 SE2d 21) (2013); *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002).  Joel Dallow's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction. See *Warringer v. Warringer*, 204 Ga. App. 86, 86 (418 SE2d 446) (1992).[1]  Accordingly, this appeal is

---

[1] Orders denying motions to recuse may be reviewed after the entry of final judgment, as part of the appeal from final judgment.  See OCGA § 5-6-34 (d); *Murphy*, supra at 830-832; *Ellis*, supra at 295 (2).  Here, while Joel Dallow contends that the trial court entered a final order on child custody *prior* to its denial of his recusal motion, his notice of appeal is based solely on the trial court's denial of his recusal motion, and

hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*_____11/09/2016_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____, *Clerk.*

---

it appears his case remained pending when he filed his notice of appeal. See *Warringer*, supra at 86.