# Court of Appeals
# of the State of Georgia

ATLANTA,   June 21, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0476. DAVID SUNDY v. MARTHA C. CHRISTIAN, JUDGE et al.

David Sundy filed this discretionary application from two underlying civil actions.[1] He seeks leave to appeal an order denying a motion to disqualify a judge in Case Number 2015CV1366. He also seeks leave to appeal five orders from Case Number 2017CV31A, including three orders dismissing all defendants.[2]

*Case Number 2015CV1366*

"Denials of motions to recuse are interlocutory in nature. An appeal of such an order requires compliance with the interlocutory appeal provisions of OCGA § 5- 6-34 (b)," including obtaining a certificate of immediate review within ten days of the order sought to be appealed. See *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002); see also *Warringer v. Warringer*, 204 Ga. App. 86 (418 SE2d 446) (1992). And OCGA § 5-6-35, the discretionary appeal statute, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996). Accordingly, Sundy's failure to comply with the interlocutory appeal

---

[1] Sundy filed his application in the Supreme Court, which transferred the matter to this Court.

[2] We question the propriety of filing a single application from two separate lower court cases. See, e. g., *Stephenson v. Futch*, 213 Ga. 247, 248 (2) (98 SE2d 374) (1957) ("[T]here is no authority in law for the review of the two judgments in a single bill of exceptions[.]")

procedures and obtain a certificate of immediate review deprives this Court of jurisdiction.

*Case Number 2017CV31A*

In this case, Sundy filed a mandamus action against two Hall County superior court judges and the clerk of court. On April 3, 2017, the assigned judge entered three separate orders granting the defendants' motions to dismiss. Sundy wishes to appeal these orders as well as two others entered in the case.

Under OCGA § 5-6-34 (a) (1), a party may file a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." It does not appear that any provision of OCGA § 5-6-35, the discretionary appeal statute, applies here. Rather, the trial court's orders dismissing Sundy's petition constituted a final judgment. Under OCGA § 5-6-35 (j), this Court will grant a timely discretionary application if the lower court's order is subject to direct appeal.

For these reasons, this application is hereby DISMISSED IN PART to the extent Sundy seeks leave to appeal the trial court's order from Case Number 2015CV1366. The application is GRANTED IN PART to the extent Sundy seeks leave to appeal Case Number 2017CV31A. Sundy shall have ten days from the date of this order to file a notice of appeal in Case Number 2017CV31A with the superior court, if he has not done so already. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to this court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/21/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*