# Court of Appeals
# of the State of Georgia

ATLANTA,  December 21, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0438, A18A0439.  MELVIN HARRIS v. THE STATE.**

In 2005, Melvin Harris was convicted of rape and possession of a firearm by a convicted felon.  His convictions were affirmed on appeal in *Harris v. State*, 283 Ga. App. 374 (641 SE2d 619) (2007).  In 2015, Harris filed a "Motion to Vacate Void and Illegal Sentences," arguing that he was improperly sentenced as a recidivist.  We dismissed his appeal for lack of jurisdiction because he failed to raise a valid void sentence claim.  See Case No. A16A1382 (dismissed July 15, 2016).  Harris has since filed a second motion to vacate his sentence and a motion to recuse the trial judge, both of which were denied by the trial court.  In Case No. A18A0438, Harris appeals the dismissal of his motion to vacate his sentence, and in Case No. A18A0439, he appeals the denial of his motion to recuse.  In both cases, however, we lack jurisdiction.

As we stated in our order dismissing Case No. A16A1382, Harris's motion to vacate or correct a void sentence did not raise a valid void sentence claim.  "It is axiomatic that the same issue cannot be relitigated ad infinitum.  The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our ruling in the prior case acts as res judicata. See *Hook v. Bergen*, 286 Ga. App. 258,  261 (1) (649 SE2d 313) (2007). Thus, Harris is estopped from seeking further judicial review on the validity of his sentence. See id.; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rules bar successive void sentence appeals).

An order denying a motion to recuse is generally not directly appealable. See *Warringer v. Warringer*, 204 Ga. App. 86 (418 SE2d 446) (1992). Where the order is entered prior to final judgment, a direct appeal is premature and will be dismissed for that reason. OCGA § 5-6-48 (b) (2). If, on the other hand, the order is entered after the matter has been resolved on the merits, as in the instant case, the matter is then moot and an appeal from such an order will likewise be dismissed. OCGA § 5-6-48 (b) (3); see also *Warringer*, supra (Beasley, J., concurring specially). Since Harris's appeal of the denial of his motion to recuse comes after the resolution of the merits of his case, his appeal is moot.

For these reasons, these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __12/21/2017__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*