# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1044. THE STATE v. CANDICE ALICEA MAY.**

Candice Alicea May was charged with DUI and striking a fixed object in Douglas County and an open container violation in Fulton County for conduct that allegedly occurred on the same date. May pled guilty in Fulton County to the open container violation. May then filed a motion in Douglas County, arguing that her DUI charge was barred by double jeopardy. The Douglas County trial court granted the plea in bar, but found that the State could still prosecute May on the charge of striking a fixed object. The State filed a notice of appeal of the trial court's order. We, however, lack jurisdiction.

"The ability of the State to appeal in a criminal case is governed by OCGA §§ 5-7-1 and 5-7-2." *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011). Although OCGA § 5-7-1 (a) (3) gives the State the right of appeal "[f]rom an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy[,]" it does not excuse compliance with interlocutory appeal procedures if the order is non-final. See id. at 581; OCGA § 5-7-2.

Here, the order that the State seeks to appeal is interlocutory because, at the time the State filed its notice of appeal, May's striking a fixed object charge was still pending. See *Outen*, 289 Ga. at 581. Accordingly, the State's failure to follow the

proper appellate procedure deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED. See generally *Warringer v. Warringer*, 204 Ga. App. 86, 86 (418 SE2d 446) (1992).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/14/2018*
  *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*