# Court of Appeals
# of the State of Georgia

ATLANTA,  March 29, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0368.  SHANNON BRILEY-HOLMES v. METROBROKERS LLC, et al.**

Shannon Briley-Holmes[1] has filed a timely application for discretionary review from the state court's February 8, 2018 order finding her in civil contempt for failing to respond to post-judgment discovery motions.[2] The court also found Briley-Holmes in contempt for failing to pay attorney fees and litigation costs in an earlier proceeding. Additionally, Briley-Holmes seeks review of the state court's denial of her motion to set aside an incarceration order, pursuant to OCGA § 9-11-60 (d), due to her repeated refusal to comply with court orders. A discretionary application, however, was not necessary here.

Judgments of contempt are directly appealable. OCGA § 5-6-34 (a) (2); *In re Booker*, 186 Ga. App. 614, 614 (367 SE2d 850) (1988). Ordinarily, "the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d

---

[1] Briley-Holmes initiated this action in 2010 when she filed a complaint against multiple defendants, alleging that they fraudulently induced her to purchase a multi-family residential unit in 2006. The state court granted the defendants' motion for summary judgment. The court also awarded the defendants attorney fees, concluding that the complaint lacked substantial justification and had no justiciable legal or factual issue.

[2] The state court also awarded attorney fees to Defendant Don Hill for prosecuting the contempt motion, but Briley-Holmes has not contested this ruling in her application.

688) (2006); see OCGA § 5-6-35 (a) (8). However, here the order denying Briley-Holmes's motion to set aside the incarceration order is being appealed along with a directly appealable ruling. Thus, no application is required. See OCGA § 5-6-34 (d) ("Where an appeal is taken . . . all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone").

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Briley-Holmes shall have ten days from the date of this order to file her notice of appeal with the state court. If she has already filed a notice of appeal in the state court, she need not file an additional notice. The clerk of the state court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/29/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.