# Court of Appeals
# of the State of Georgia

ATLANTA,  May 23, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1594. HERSCHEL G. BYRD v. THE STATE.**

In 2007, Herschel G. Byrd entered a negotiated guilty plea to a number of charges, including voluntary manslaughter. Since then, he has filed a number of pro se motions, one of which was a motion to recuse the trial court judge. The court denied the motion, and Byrd filed this direct appeal from that order. We, however, lack jurisdiction.

First, it appears that the issue is now moot. A matter is moot if a ruling would have no practical effect on the alleged controversy. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Given that Byrd already has been convicted, and it appears from the record that the trial court has ruled on all of Byrd's pending motions, the denial of his motion to recuse is moot. This direct appeal is therefore subject to dismissal. See OCGA § 5-6-48 (b) (3).

Furthermore, even if the issue is not moot because motions remain pending in the trial court, we would still lack jurisdiction because orders denying motions to recuse are interlocutory, and appeals of such orders require compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Murphy v. Murphy*, 322 Ga. App. 829, 829-832 (747 SE2d 21) (2013); *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002). Byrd's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction.

Based on the foregoing, this direct appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 05/23/2018*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*