# Court of Appeals
# of the State of Georgia

ATLANTA,  March 12, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0197. REGINALD C. HARVEY v. THE STATE.

A jury found Reginald Harvey guilty of first-degree burglary and felony theft by taking, and we affirmed. *Harvey v. State*, 344 Ga. App. 761 (811 SE2d 479) (2018). Since then, Harvey has filed numerous pro se motions, including a motion to recuse, a motion to correct a void sentence, and a motion for leave to file an out-of-time appeal. On April 16, 2020, the trial court entered orders denying Harvey's motion to recuse and dismissing Harvey's motion to correct his allegedly void sentence. Harvey filed "objections" to those orders, which the trial court construed as a motion for reconsideration. On June 29, 2020, the trial court entered orders denying Harvey's construed motion for reconsideration and dismissing his motion for out-of-time appeal. Harvey then filed a notice of appeal from these orders.[1] We, however, lack jurisdiction.

First, the denial of a motion for reconsideration is not directly appealable. *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Accordingly, Harvey is not entitled to appellate review of the trial court's June 29 order denying his motion for reconsideration.

Second, as to the denial of Harvey's motion to recuse, we lack jurisdiction because Harvey did not follow the interlocutory appeal procedures. Motions to recuse

---

[1] Because the Supreme Court's COVID-related judicial emergency orders tolled filing deadlines, Harvey's notice of appeal is timely as to both the June 29 orders denying his motion for reconsideration and motion for out-of-time appeal and the April 16 orders denying his motion to recuse and dismissing his motion to correct a void sentence.

are interlocutory, and appeals of such orders require compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Murphy v. Murphy*, 322 Ga. App. 829, 829-832 (747 SE2d 21) (2013); *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002).

Third, as to the dismissal of Harvey's motion to correct an allegedly void sentence, we lack jurisdiction because Harvey did not raise a valid claim that his sentence is void. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, Harvey alleged that he was improperly sentenced as a recidivist under OCGA § 17-10-7 (c). This is not a valid void-sentence claim because Harvey is not alleging that is sentence is longer than the law allows.

Moreover, Harvey challenged his recidivist sentence in his direct appeal, and we concluded that there was no error. See 344 Ga. App. at 772-773 (3). We are, therefore, precluded from revisiting the issue. See *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, 'this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has

been raised and ruled upon.'"); *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (while void sentence is nullity and may be vacated at any time, it is still subject to res judicata and law-of-the-case rule; defendant is "not entitled to multiple bites at the apple").

Fourth, Havey is not entitled to appeal the order dismissing his motion for out-of-time appeal. An out-of-time appeal is a remedy for a frustrated right of appeal. See *Richards v. State*, 275 Ga 190, 191 (563 SE2d 856) (2002). Harvey has already had a direct appeal, so he is not entitled to an out-of-time appeal and cannot appeal from the trial court's dismissal of his motion for an out-of-time appeal. See id.

For these reasons, we lack jurisdiction to consider Harvey's appeal, which is hereby DISMISSED. Finally, Harvey's motions filed in this Court are likewise DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/12/2021*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*