# Court of Appeals
# of the State of Georgia

ATLANTA,  March 14, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0261. TATYANA ELLIS et al. v. KENNETH LEIGH SEAVER.

Tatyana Ellis ("Wife") and Troy Ellis ("New Husband") seek discretionary review of the trial court's denial of their motion to recuse in this domestic relations case. We, however, lack jurisdiction.

Wife and Kenneth Seaver ("Husband") were divorced in 2014. Thereafter, they filed a number of motions, including Wife's motion to set aside part of the divorce decree and both parties' motions for contempt and for a modification of custody and child support. In March 2019, the trial court entered an order declining to set aside the decree or to modify custody, ordering Wife to pay child support, finding Wife in contempt, and directing her to pay Husband's attorney fees. Wife filed a discretionary application seeking review of the order's non-custody rulings, but we denied the application. See Case No. A19D0438 (May 15, 2019). Wife also filed a direct appeal from the custody portion of the order. We affirmed the trial court. See Case No. A20A0231 (Apr. 29, 2020).

Back in the trial court, Wife—who had since remarried New Husband—filed an "omnibus motion" that, among other things, sought to set aside the March 2019 order. New Husband filed a similar omnibus motion, as well as a motion to intervene, and both Wife and New Husband filed motions to recuse both the trial court judge and the entire Cobb Judicial Circuit. In September 2021, the trial court entered orders denying or dismissing all of these motions. Wife and New Husband filed an application for discretionary appeal, which we denied. See Case No. A22D0110 (Nov. 9, 2021).

Wife and New Husband then filed a motion to set aside the September 2021 order denying their omnibus motions.[1] The trial court denied this motion, ruling that "[n]one of the grounds specifically set out in OCGA § 9-11-60 (d) have been shown to exist[.]" Wife and New Husband also filed another motion to recuse the trial court judge, alleging that they have a pending mandamus action against her and she has demonstrated bias against them. The trial court also denied this motion. Wife and New Husband now seek discretionary review of the order denying their motion to recuse. They do not challenge the order denying their latest motion to set aside.

Wife and New Husband characterize the recusal order as "interlocutory." If this is accurate, then Wife and New Husband were required to file an application for interlocutory appeal, which they have not done. See *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002) ("Denials of motions to recuse are interlocutory in nature. An appeal of such an order requires compliance with the interlocutory appeal provisions of OCGA § 5-6-34 (b).").

However, the recusal order appears to be final, as Wife and New Husband point to nothing pending before the trial court in the case below. See *Nance v. Houston County School Dist.*, 359 Ga. App. 204, 205 (857 SE2d 97) (2021) (an order is final when "the case is no longer pending in the court below"). Under OCGA § 5-6-48 (b) (3) an appeal will be dismissed "[w]here the questions presented have become moot." If there is nothing left for the trial court to rule upon, then the recusal issue is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (a matter is moot if it "cannot have any practical effect on the existing controversy").

---

[1] Wife and New Husband have not included this motion with their application materials.

In sum, the recusal order is either interlocutory, because the case remains pending below; or moot, because it does not. In either circumstance, we lack jurisdiction. This application is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___03/14/2022___

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*