# Court of Appeals
# of the State of Georgia

ATLANTA,  March 29, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1121.  LOLETHA   DENISE   HALE   v.   WRIGHT'S   WALK HOMEOWNERS' ASSOCIATION.**

Wright's Walk Homeowners' Association filed a petition for tax foreclosure against Loletha Denise Hale and others. Following a hearing, the trial court entered an order granting the petition. Hale filed a motion to set aside that order under OCGA § 9-11-60 (d) and an emergency motion to recuse the trial court judge. In separate orders, the trial court denied both motions. Hale appeals both orders, but we lack jurisdiction.

As to the order denying Hale's motion to set aside under OCGA § 9-11-60 (d), appeals from such orders must be brought by discretionary application. See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Hale's failure to file a discretionary application deprives us of jurisdiction to consider her direct appeal from the denial of her motion to set aside.

As to the order denying Hale's motion to recuse, "[a]n appeal of such an order requires compliance with the interlocutory appeal provisions of OCGA § 5-6-34 (b)" if the case remains pending below. *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002). In this case, however, it does not appear that anything remains pending below. Under OCGA § 5-6-48 (b) (3), an appeal will be dismissed "[w]here the questions presented have become moot." If there is nothing left for the trial court to rule upon, then the recusal issue is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (a matter is moot if it "cannot have any

practical effect on the existing controversy"). Thus, the recusal order that Hale wishes to appeal is either interlocutory, if the case remains pending below, or moot, if it does not. In either circumstance, we lack jurisdiction.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,   03/29/2022*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*