# Court of Appeals
# of the State of Georgia

ATLANTA,  January 26, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0871. CHRISTOPHER M. HUNT, SR. v. NATIONSTAR MORTGAGE, LLC et al.**

Following a foreclosure in 2017, Christopher M. Hunt, Sr., has filed numerous actions against Nationstar Mortgage, LLC and Deutsche Bank National Trust Companies (collectively, "Nationstar").[1] In October 2019, Nationstar filed a petition for bill of peace, injunction, and attorney fees. Hunt filed a motion to recuse the trial court judge, which was denied as untimely on January 14, 2020. Hunt thereafter filed a direct appeal from the January 14, 2020 order. More than two and a half years later, Nationstar filed a motion to dismiss Hunt's appeal on the basis that he had failed to pay costs. Proceeding pro se, Hunt objected to dismissal and filed an "emergency motion to vacate/set aside orders with motion to recuse," seeking to have the trial court compel discovery, again seeking recusal, and seeking to vacate and set aside all orders obtained by fraud on the court. On October 3, 2023, the trial court issued an order dismissing Hunt's appeal because Hunt had failed to pay costs. On the same day, the trial court entered an order denying Hunt's other pending motions. Hunt has filed a direct appeal from both of the trial court's October 3, 2023 orders. We lack jurisdiction.

As an initial matter, this case appears to still be pending in the trial court as no final judgment has been entered regarding the petition for bill of peace. See *Thomas*

---

[1] As a result, Hunt has appeared before this Court several times. See Cases No. A23D0373 (denied July 25, 2023); A22D0447 (dismissed July 20, 2022); A19A2382 (dismissed Aug. 6, 2019); A19A1304 (dismissed Feb. 12, 2019).

*v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.").

Under Georgia law, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Med. Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, "a trial court's order dismissing an improperly filed direct appeal should be considered an interlocutory order and is not subject to a direct appeal." Id. Because the case was still pending at the time the trial court denied the first motion to recuse in January 2020, Hunt was required to file an application for interlocutory review under OCGA § 5-6-34 (b) to appeal that order. See *In re Booker*, 186 Ga. App. 614, 614 (367 SE2d 850) (1988) (an appeal "from an order denying a motion to recuse requires an application for interlocutory review"). Because the January 2020 order was not a final order, the trial court's October 3, 2023 order dismissing Hunt's appeal is not subject to direct appeal. See *Parker*, 284 Ga. at 103 (2).

Nor is Hunt entitled to a direct appeal from the trial court's other order issued on October 3, 2023. As with the first motion to recuse, the denial of Hunt's second motion to recuse is interlocutory because the case is still pending below. See *Booker*, 186 Ga. App. at 614. And "discovery orders generally are interlocutory and therefore not directly appealable as final judgments." *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 78 (485 SE2d 525) (1997). Finally, to the extent that Hunt's emergency motion can be construed, in part, as a motion to set aside based on fraud under OCGA § 9-11-60 (d) (2), the denial of a motion to set aside under OCGA § 9-11-60 (d) must come by application for discretionary review. OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

Because Hunt has failed to follow the correct appellate procedures to seek review of the trial court's October 3, 2023 orders, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__01/26/2024_____*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*