# Court of Appeals
# of the State of Georgia

ATLANTA,__February 28, 2025_____

*The Court of Appeals hereby passes the following order:*

**A25A1065. CHAD HARGREAVES v. THE STATE.**
**A25A1066. CHAD HARGREAVES v. THE STATE.**
**A25A1067. CHAD HARGREAVES v. THE STATE.**

Following a 2015 jury trial, Chad Hargreaves was convicted of five counts of molestation and other crimes. The trial court sentenced him to a term of life imprisonment. We affirmed his conviction in an unpublished opinion. See *Hargreaves v. State*, Case No. A18A0181 (decided May 25, 2018).

In 2023, Hargreaves filed an extraordinary motion for new trial, and in 2024, he filed a motion to disqualify the trial judge. Later, Hargreaves filed a motion to compel a ruling on the disqualification motion along with a notice of intent to seek mandamus. In separate orders entered on October 28, 2024, the trial court dismissed the extraordinary motion for new trial and denied the motion to disqualify the trial judge. On the same date, the trial court entered an order addressing Hargreaves's motion to compel a ruling and notice of intent to seek mandamus, concluding that Hargreaves never filed a writ and that the motion to compel was rendered moot by the court's denial of the disqualification motion. From each of those orders, Hargreaves filed a separate notice of appeal, and the State has filed motions to dismiss the cases.

For the following reasons, we grant the State's motions[1] because this Court lacks jurisdiction over these appeals.

In Case Number A25A1065, Hargreaves seeks to appeal the trial court's dismissal of his extraordinary motion for new trial, but an appeal from an order dismissing such a motion must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (7), (b); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997); see also *Davis v. State*, 182 Ga. App. 736 (356 SE2d 762) (1987). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Accordingly, Hargreaves's failure to file a discretionary application deprives us of jurisdiction over Case Number A25A1065, which is hereby DISMISSED.

Similarly, we lack jurisdiction over Case Number A25A1066, in which Hargreaves seeks to appeal the trial court's order denying his motion to recuse or disqualify the trial court judge. An order denying a motion to recuse or disqualify a trial judge is not a directly appealable order. Such an order is not a final order, thus an appeal can only be obtained by complying with the interlocutory appeal procedures under OCGA § 5-6-34 (b). See *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002). Because Hargreaves did not comply with the interlocutory appeal procedures, this Court lacks jurisdiction over Case Number A25A1066, which is DISMISSED.

Finally, we lack jurisdiction over Case Number A25A1067 in which Hargreaves appeals from the trial court's judgment and order addressing his writ of mandamus. Contrary to Hargreaves's representations, the trial court found that Hargreaves did not file such a writ and therefore there was no ruling thereon by the trial court. This Court is established for the correction of errors of law made by the trial court. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010) (holding that in the

---

[1] We note that while dismissal of these appeals is proper, the State's motions in Case Numbers A25A1066 and A25A1067 do not correctly identify the orders which Hargreaves seeks to appeal.

absence of a ruling by the trial court, we have nothing to review). Given the lack of a ruling in Case Number A25A1067, we are unable to assume jurisdiction over this appeal, which is also hereby DISMISSED.

Accordingly, for the reasons above, the State's motions to dismiss in these cases are GRANTED and the appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  02/28/2025

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*