# Court of Appeals
# of the State of Georgia

ATLANTA,  March 12, 2025

*The Court of Appeals hereby passes the following order:*

## A25I0163.  TIA TURNER et al. v. WHITNEY GREENE et al.

Tia and Ashanti Turner filed suit against Whitney Green and Justin Eggleston in state court. After the plaintiffs failed to appear for trial, the state court, in an order entered on February 6, 2025, entered judgment in favor of the defendants and found Tia in contempt for failing to appear. That same day, proceeding pro se, Tia filed in superior court a "motion and request for interlocutory appeal" of the state court's final judgment, challenging the state court's notice of the trial and its judgment. Finding that it had no jurisdiction to consider Tia's request for an appeal, the superior court transferred the matter to this Court,[1] where it has been docketed as an interlocutory application.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" Thus, to the extent that the case is no longer pending in the state court, Tia is entitled to a direct appeal.[2] But even if the case is still pending, Tia is nevertheless entitled to

---

[1] The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII.

[2] Tia filed a motion for mistrial in state court but the application materials do not contain any ruling on this motion. We express no opinion on whether such a motion could properly be filed after trial or whether it renders the case non-final. We also note that the trial court reserved ruling on the defendants' request for OCGA § 9-15-14 attorney fees, but the pendency of this issue does not affect the finality of a case

a direct appeal of the state court's order because of the finding of contempt. See OCGA § 5-6-34 (a) (2) (providing for direct appeals from contempt orders); *In re Booker*, 186 Ga. App. 614, 614 (367 SE2d 850) (1988). "This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, this application is hereby GRANTED, and Tia shall have ten days from the date of this order to file a notice of appeal with the state court. The clerk of the state court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __03/12/2025__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

for purposes of appealing the judgment. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002).