# Court of Appeals
# of the State of Georgia

ATLANTA,   September 17, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0352. JASON GERVAIS v. SCOTT FORTAS.**

On July 8, 2025, the trial court entered an order dismissing Jason Gervais's complaint against Scott Fortas. Thereafter, Gervais filed pro se motions to recuse, for reconsideration, and to vacate the dismissal order under OCGA § 9-11-60 (d). The trial court denied all these motions on August 27, 2025. Gervais then filed a notice of appeal on August 29, 2025. Fortas has filed a motion to dismiss the appeal, arguing this Court lacks jurisdiction. We agree.

Ordinarily, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). Here, rather than timely appealing the order dismissing his action, Gervais filed a motion for reconsideration of the judgment of dismissal or to have the judgment set aside. However, a motion for reconsideration does not extend the time for filing an appellate challenge to an appealable order, and the denial of such a motion is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Consequently, Gervais's notice of appeal — filed 52 days after the trial court's entry of the dismissal order — is untimely as to that order. See OCGA § 5-6-38 (a); Bell, 244 Ga. App. at 510-511; Savage, 173 Ga. App. at 271.

Moreover, an appeal from the denial of an OCGA § 9-11-60 (d) motion to set aside requires the filing of an application for discretionary appeal. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). In addition, "[d]enials of motions to recuse are interlocutory in nature. An

appeal of such an order requires compliance with the interlocutory appeal provisions of OCGA § 5-6-34 (b)," including obtaining a certificate of immediate review within ten days of the order sought to be appealed. See *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002); see also *Rolleston v. Glynn County Bd. of Tax Assessors*, 213 Ga. App. 552, 553 (445 SE2d 345) (1994). Compliance with the appropriate appellate procedure is jurisdictional. See *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).

For these reasons, we lack jurisdiction over this appeal, Fortas's motion is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 09/17/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*