A96A0653. WILLIAMS v. STEPLER et al.
(471 SE2d 284)

BIRDSONG, Presiding Judge.

Appellee Sharon Stepler filed a petition under the Family Violence Act (OCGA § 19-13-1 et seq.) against Williams, contending he committed an act of "family violence" against the parties' child, age 11 years. At the hearing on the petition, defendant Williams expressly asked that any interview of the child in chambers be recorded, under Uniform Superior Court Rule 24.5 (B). The trial court interviewed the child in chambers, but those proceedings were not recorded. The trial court issued an order granting temporary protective custody to Stepler. We granted this discretionary appeal. *Held*:

1. Although the trial court's temporary protective custody order entered on September 25, 1995, may be moot in terms of the time of effectiveness of the direction stated in the order, we retain jurisdiction of the case under Court of Appeals Rule 40 (b) for purposes of the ruling made in Division 3 of this opinion, so that other issues which may arise from the trial court's order will not be deemed adjudicatory.

2. We deny appellee's motion to dismiss this discretionary appeal on grounds that the custody order was "temporary" and therefore subject to appeal only by interlocutory application. The fact that the duration of the effectiveness of the order was "temporary" does not make it a non-final order; this is the court's final order on this action

for protective temporary custody, and nothing remains pending below in this action. Accordingly, the order was subject to appeal by discretionary application under OCGA § 5-6-35. See, e.g., *R. J. Reynolds Tobacco Co. v. Fischer*, 207 Ga. App. 292, 293 (427 SE2d 810).

3. The trial court erred in refusing to allow its in-chambers consultation with the child to be recorded. USCR 24.5 (B) specifically provides that when child custody is in dispute in domestic relations actions, at any consultation between the court and the child, both the attorneys may be present and "[u]pon request, the proceedings in chambers shall be recorded." Appellant specifically requested that the in-chambers consultation with the child be recorded, but Stepler, acting pro se, objected, saying she was concerned the child would not talk to the judge; that if he did talk to the judge, it would be necessary to ask him leading questions; that it would be less threatening if the "parties" were absent, and "as far as the court reporter being present, I don't see what purpose that would serve. As I understand it, this is more of an informal interview; it's not the presentation of evidence. He's not going to be either directly examined or cross-examin[ed] by either party. And I'm not sure in those circumstances that having the court reporter present is appropriate. And . . . I'm afraid that would add to the intimidation factor." The judge agreed he would not interview the child with the court reporter present. Appellant's counsel duly objected to this procedure.

The trial court erred in following Sharon Stepler's legal advice and reasoning. USCR 24.5 (B) plainly requires that where custody of a child is involved and recordation is requested, "the proceedings in chambers *shall* be recorded." (Emphasis supplied.) Stepler's assertion that recordation was unnecessary because the child would not be questioned by the parties was illogical: the point of recordation is not merely to preserve the parties' questioning of the child but to preserve the court's interview with the child and the child's statements to the court. Notwithstanding the mother's and the court's fears about intimidating the child, the defendant father had a right to have those proceedings recorded, especially in a case such as this where criminal allegations may be made upon the private confiding of a child to a judicial factfinder.

We find unpersuasive appellee's argument that a "family violence action" is not a "domestic relations action" within the meaning of USCR 24. USCR 24.1 merely lists those actions which the term domestic relations actions "shall *include*." (Emphasis supplied.) The rule does not provide that domestic relations actions shall include *only* those named; it does not attempt to name all conceivable forms of domestic relations actions; and it does not exclude an action under the Family Violence Act.

Moreover, "child custody" is one of the actions named, and that is

what this petition for temporary protective custody was, regardless of the law under which it was authorized to be drawn.

The trial court erred in issuing an order containing findings based in part on an interview with a child which was not recorded, despite request pursuant to USCR 24.5. The proceedings were fatally flawed, and the order of the court, even though it may now be moot in terms of time, is vacated as being without any legal force whatever.

4. As the trial court's order of temporary protective custody is vacated, we find it unnecessary to consider appellant's second enumeration, and we find that issue to be moot.

*Judgment reversed. Blackburn, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

1. The opponent parents are both members of the State Bar of Georgia, and each is pro se on appeal. Neither of them nor the father's attorney was present for the court's consultation with their son, although Uniform Superior Court Rule 24.5 (B) states: "At any such consultation, attorneys for both parties may be in attendance but shall not interrogate such child/children except by express permission from the court." The refusal of the court to record what the court characterized as a "private conversation" with the child left the father with no means of knowing the basis for any findings the court might make. Yet the court found as fact and concluded as the law of the case, reciting both in its order, that the father committed an act of simple battery as defined in the criminal code, OCGA § 16-5-23 (a) (1). Not only was the rule violated which requires that the proceedings in chambers be recorded upon request, so was due process.

2. Because the "Scope of Domestic Relations Actions" as described in USCR 24.1 does not expressly include actions under the Family Violence Act, the Council of Superior Court Judges should consider recommending to the Supreme Court the addition of this category so it is readily apparent. Ga. Const. 1983, Art. VI, Sec. IX, Par. I.

DECIDED MAY 8, 1996.

*John T. Williams, Sr.*, pro se.
*Sharon J. S. Stepler*, pro se.