S98A1747. SCHMIDT v. SCHMIDT.
S98A1748. SCHMIDT v. SCHMIDT.
(510 SE2d 810)

FLETCHER, Presiding Justice.

The primary issue in this case concerns appellate jurisdiction of orders under the Family Violence Act.[1] We now hold that orders entered under the Family Violence Act must come by discretionary application and that jurisdiction lies in the Court of Appeals of Georgia. For reasons of judicial economy, we address the merits and reverse the finding of contempt against Bradley Jay Schmidt because the trial court imposed criminal sanctions using a civil standard of proof.

1. Mr. Schmidt filed a direct appeal after being found in contempt of an order entered in a family violence action pursuant to OCGA § 19-13-4. We have not previously considered whether family violence actions must come by direct or discretionary appeal.[2] We conclude that the statutory scheme and public policy require that appeals from such orders come by discretionary application because they are in the nature of domestic relations cases. The Family Violence Act is codified within Title 19, which deals with domestic relations. Additionally, Uniform Superior Court Rule 24.1 enumerates

---

[1] OCGA § 19-13-1 et seq.

[2] The court of appeals has previously granted a discretionary application to hear an appeal of an order entered in a family violence action. *Williams v. Stepler,* 221 Ga. App. 338 (471 SE2d 284) (1996).

actions under the Family Violence Act as within the scope of domestic relations actions. Because OCGA § 5-6-35 (a) (2) provides that appeals in domestic relations cases shall be by application, we hold that appeals in family violence actions must follow the discretionary application process. Although Mr. Schmidt was found in contempt, for which OCGA § 5-6-34 (a) (2) provides a direct appeal, it does not entitle him to a direct appeal for the contempt finding since the underlying subject matter is listed in OCGA § 5-6-35 (a).[3] We note that the application process will allow appeals to come to the attention of the appellate court more quickly. This ability to seek expedited review and relief through the application process is warranted in cases involving family violence.

2. We must also address whether jurisdiction is proper in this Court.[4] The state constitution limits our jurisdiction to specified categories.[5] The fact that family violence actions are domestic relations cases does not answer the question of appellate jurisdiction because jurisdiction over domestic relations cases is divided between the appellate courts. This Court does not have jurisdiction over all domestic relations cases, but only over divorce and alimony cases.[6] All other domestic relations cases fall within the Court of Appeals of Georgia's jurisdiction.[7]

We conclude that family violence actions are neither divorce nor alimony cases within the meaning of the constitution. Family violence cases may often arise in conjunction with a divorce case, but they are separate actions and divorce is not a remedy under the Family Violence Act. Financial assistance is a remedy available under the Act, but the legislature was clear in referring to such assistance as "support" and not as "alimony." Because family violence actions involve neither divorce nor alimony, they do not fall within our exclusive jurisdiction and, therefore, jurisdiction lies in the Court of Appeals of Georgia. Nevertheless, in the interests of judicial economy we will address the merits of this case.

3. Despite our conclusion that orders under the family violence act must follow the discretionary application process, we will exercise our inherent authority and decide the issues raised because the procedural route for appeal of family violence orders was unsettled and not addressed by statute or case law when Mr. Schmidt filed his appeal. Mr. Schmidt was under a consent restraining order obtained

---

[3] *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994); *Walters v. Walters*, 245 Ga. 695 (266 SE2d 507) (1980).

[4] *Collins v. American Telephone & Telegraph Co.*, 265 Ga. 37 (456 SE2d 50) (1995).

[5] Ga. Const., Art. VI, § VI, Pars. II, III.

[6] Ga. Const., Art. VI, § VI, Par. III (6).

[7] Ga. Const., Art. VI, § V, Par. III.

by his wife Angela Cook Schmidt. The trial court found him in civil contempt of the restraining order and incarcerated him for seven days. In expressly stating that the contempt was civil, the trial court clearly applied the civil standard of proof, a preponderance of the evidence.[8] It is well-settled that incarceration under civil contempt is designed to coerce behavior and must be conditioned on the defendant performing some act, such as paying past-due alimony or child support.[9] Unconditional incarceration for a specified period is permissible as punishment for criminal contempt, but must be based upon a finding beyond a reasonable doubt that the defendant violated the court order.[10] Because the trial court imposed unconditional incarceration as punishment but used the civil standard of preponderance of the evidence, we must reverse.

4. Because of this disposition, we need not address Mr. Schmidt's enumerations regarding whether he was properly served and had adequate notice of the contempt hearing. His contention that the restraining order was unenforceable as against public policy is without merit because he consented to the entry of the order.

5. Mr. Schmidt also challenges the trial court's award of attorney's fees. The consent order on the family violence petition states that the issue of attorney's fees will be reserved until a further hearing and then sets the further hearing for January 7, 1998. Therefore, Mr. Schmidt had adequate notice that the issue of attorney's fees would be considered at the January 7 hearing. An award of attorney's fees is expressly authorized in family violence actions under OCGA § 19-13-4 (a) (10) and we cannot say that the trial court abused its discretion in awarding $1,500 in fees in this case.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JANUARY 11, 1999 —
RECONSIDERATION DENIED FEBRUARY 5, 1999.

*Turner, Turner & Turner, Gregory R. Miller,* for appellant.
*Kidd & Vaughan, Tina S. Roddenbery,* for appellee.

---

[8] *Ensley v. Ensley*, 239 Ga. 860, 861-862 (238 SE2d 920) (1977).

[9] *Hughes v. Georgia Dept. of Human Resources*, 269 Ga. 587 (502 SE2d 233) (1998); *Ensley*, 239 Ga. at 861-862.

[10] *In re Crane*, 253 Ga. 667, 669-670 (324 SE2d 443) (1985).