312 Ga. 60
FINAL COPY

S21A0941.  GILLIAM v. THE STATE.

McMILLIAN, Justice.

In 2005, Kelvin Gilliam was jointly tried with Frederick Terrell and Michael Stinchcomb on an indictment charging them with one count of murder, one count of felony murder, multiple counts of aggravated assault, and related firearms charges. The jury found only Terrell guilty of murder, among other charges, but found Gilliam and Stinchcomb guilty of multiple counts of aggravated assault. The trial court sentenced Gilliam to serve a total of ten years in prison, and Gilliam timely filed a motion for new trial. For reasons that are not apparent from the record, that motion languished for years, until Gilliam filed an amended motion for new trial in May 2019, adopting all of the grounds set out in Terrell's amended motion for new trial. The trial court denied Terrell's and Gilliam's motions, and both defendants filed a timely notice of

appeal directed to this Court. Because we do not have jurisdiction over Gilliam's appeal, however, we must transfer this case to the Court of Appeals.

This Court's jurisdiction "is fixed by the Georgia Constitution and the statutory law." *Duke v. State*, 306 Ga. 171, 177 (3) (a) (829 SE2d 348) (2019). "It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Welborne v. State*, 114 Ga. 793, 796 (40 SE 857) (1902).

Gilliam concedes that his convictions for aggravated assault do not invoke this Court's appellate jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Pars. II and III. Instead, citing *Morrison v. Morrison*, 284 Ga. 112 (663 SE2d 714) (2008), Gilliam asserts that, because Terrell's appeal from his murder conviction would fall within this Court's jurisdiction, this Court should also extend jurisdiction to his appeal "to foster judicial economy." We acknowledge that this Court has previously expressed a willingness to retain jurisdiction of certain appeals in the interest of judicial

2

economy, see id. at 112 (despite questioning jurisdiction, retaining appeal for purposes of "judicial economy"), and we now address this anomaly in our jurisprudence.

It appears that this Court first invoked judicial economy as a basis for subject matter jurisdiction in *Beauchamp v. Knight*, 261 Ga. 608, 610 n.1 (409 SE2d 208) (1991), in which we expressly noted that the appeal was not an equity case, but nonetheless retained the appeal for "reasons of judicial economy." Since then, we have occasionally expanded this concept to other appeals squarely outside our jurisdiction. See, e.g., *Nowlin v. Davis*, 278 Ga. 240, 240 n.1 (599 SE2d 128) (2004) ("[D]espite the trial court's discussion of equitable principles in its second order and its grant of an equitable remedy, this appeal is not an equity case within our appellate jurisdiction. In the interest of judicial economy, however, we will resolve the appeal on its merits.").

Because "[q]uestions pertaining to [this Court's] jurisdiction cannot be sidestepped or pretermitted, as they go to the threshold question of whether [this Court] has the authority to decide the

merits of the case," *Duke*, 306 Ga. at 181 (3) (b), we must now consider whether to retain Gilliam's appeal and whether this line of cases was rightly decided. As we have recently noted, "[w]hile, in some cases, the interests of judicial economy may not be served when a reversible error is addressed by appellate courts only after the entry of a final judgment, that is not a problem this Court is empowered to remedy." Id. at 179 (3) (a). Here, the only basis for this Court to exercise jurisdiction over Gilliam's appeal would be to serve the interest of judicial economy, but Gilliam points to no statute or constitutional provision authorizing this Court to exercise jurisdiction on that basis. None of the cases in which this Court has exercised jurisdiction in the interest of judicial economy has identified the basis of our authority to do so; in those cases we pretermitted the jurisdictional question or actually recognized that there was no basis for jurisdiction. Based on our independent review, we discern no statutory or constitutional basis for invoking this Court's jurisdiction solely in the interest of judicial economy. Thus, we conclude that this line of cases was not rightly decided.

4

However, we must now address whether considerations of stare decisis nonetheless weigh in favor of retaining judicial economy as a basis for exercising this Court's jurisdiction. Under the doctrine of stare decisis, we generally stand by our prior decisions to "promote[ ] the evenhanded, predictable, and consistent development of legal principles, foster[ ] reliance on judicial decisions, and contribute[ ] to the actual and perceived integrity of the judicial process." *State v. Burns*, 306 Ga. 117, 123 (2) (829 SE2d 367) (2019) (citation and punctuation omitted). However, stare decisis "is not an inexorable command[,]" and "[i]n reconsidering our prior decisions, we must balance the importance of having the question *decided* against the importance of having it *decided right*." Id. (citation and punctuation omitted; emphasis in original). In making this determination, we consider "the age of precedent, the reliance interests at stake, the workability of the decision, and, most importantly, the soundness of its reasoning." *Olevik v. State*, 302 Ga. 228, 244-45 (2) (c) (iv) (806 SE2d 505) (2017) (citation and punctuation omitted).

5

We begin by noting that it is well settled that stare decisis applies with the least force to constitutional precedents. See *Ga. Dept. of Nat. Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 601 (2) (755 SE2d 184) (2014). We have explained the reason for this approach: "it is much harder for the democratic process to correct or alter our interpretation of the Constitution than our interpretation of a statute or regulation." Id. (citation omitted). But even in constitutional cases,

> [t]his doesn't mean that we disregard stare decisis altogether . . . ; what it actually means is that the . . . soundness of reasoning [factor] becomes even more critical. The more wrong a prior precedent got the Constitution, the less room there is for the other factors to preserve it.

*Olevik*, 302 Ga. at 245 (2) (c) (iv) (punctuation omitted).

Here, the soundness factor weighs heavily in favor of overruling cases in which this Court has ignored the constitutional parameters of its jurisdiction without any significant analysis. See *Olevik*, 302 Ga. at 244 (2) (c) (iii) (lack of analysis and summary conclusion supported overruling cases); *State v. Hudson*, 293 Ga.

656, 661 (748 SE2d 910) (2013) (overruling holding that contained no analysis). And none of the remaining factors support retaining judicial economy as a basis for jurisdiction. The earliest case was decided 30 years ago, and we have overruled decisions older than that. See, e.g., *Southall v. State*, 300 Ga. 462, 468 (1) (796 SE2d 261) (2017) (overruling 45-year-old precedent); *Hudson*, 293 Ga. at 661 (overruling 38-year-old precedent). And these "judicial economy" cases created no reliance interest of the sort normally given weight in stare decisis analysis. See, e.g., *Savage v. State of Ga.*, 297 Ga. 627, 641 (5) (b) (774 SE2d 624) (2015) (substantial reliance interests are most common in contract and property cases where parties may have acted in conformance with existing legal rules in order to conduct transactions). Finally, the exercise of jurisdiction based solely on notions of judicial economy has no concrete standards, such that neither litigants nor the Court of Appeals have been able to predict when this Court will exercise such jurisdiction. We believe it is thus more workable for both litigants and appellate courts to apply clear jurisdictional rules as set out in our Constitution and

7

statutes, which do not depend on whether this Court believes that deciding a particular case is more expedient than transferring the case.[1] Cf. *Duke*, 306 Ga. at 185-86 (4) (noting significant workability problems presented when a court has no means of predicting when a case may be snatched from its docket).

In sum, stare decisis factors weigh in favor of overruling these precedents. Accordingly, we disapprove the following cases to the extent that they purported to exercise this Court's jurisdiction based solely on judicial economy: *Morrison*, 284 Ga. at 112 ("Pretermitting whether jurisdiction is proper in this Court, we have retained this appeal for reasons of judicial economy."); *Nowlin*, 278 Ga. at 240 n.1; *Gates v. Gates*, 277 Ga. 175, 176 (1) (587 SE2d 32) (2003) ("We conclude, therefore, that jurisdiction over this case lies in the Court of Appeals. Nevertheless, we retain the case in the interests of

---

[1] We also note that we have not retained a case based on "judicial economy" in over a decade, and in fact have transferred or returned several cases to the Court of Appeals invoking "judicial economy" in unpublished orders since that time. See, e.g., *McDaniel-Ivey v. A & S Repairs & Remodeling*, Case No. S19A0109 (Sept. 24, 2018) (returning appeal to Court of Appeals in part because "'judicial economy' is not a proper basis for this Court's jurisdiction").

judicial economy, and will decide the tort immunity question which we posed upon granting this interlocutory appeal."); *Bush v. State*, 273 Ga. 861, 861 n.1 (548 SE2d 302) (2001) ("Although we would ordinarily transfer to the Court of Appeals a case in which the issue on which our jurisdiction was predicated was not ripe for decision, we deem it appropriate under the circumstances of this case to retain jurisdiction as a matter of judicial economy." (citation omitted)); *Glynn County Bd. of Tax Assessors v. Haller*, 273 Ga. 649, 649 (1) (543 SE2d 699) (2001) ("Since the grant of equitable relief is merely ancillary to the legal issue, this appeal is not an equity case within our appellate jurisdiction. In the interest of judicial economy, however, we will resolve the legal issues raised on appeal."); *Little v. City of Lawrenceville*, 272 Ga. 340, 340 (528 SE2d 515) (2000) ("Although it now appears that the Court of Appeals has jurisdiction of this case, we have retained it for reasons of judicial economy."); *Flint Elec. Membership Corp. v. Barrow*, 271 Ga. 636, 636 n.1 (523 SE2d 10) (1999) ("Although this Court is without original appellate jurisdiction in this case, we take jurisdiction of it in the interest of

judicial economy."); *Douglas v. Wages*, 271 Ga. 616, 617 n.2 (523 SE2d 330) (1999) ("Despite our lack of initial appellate jurisdiction, we have addressed the merits of appellants' appeal in the interest of judicial economy."); *Parker v. Peaceful Valley Property Owners Assn.*, 271 Ga. 325, 325 n.1 (519 SE2d 440) (1999) ("Although our jurisdiction in this restrictive covenant case is questionable . . . , we retain this appeal in the interest of judicial economy." (citation omitted)); *Akins v. Couch*, 271 Ga. 276, 277 n.1 (518 SE2d 674) (1999) ("The Court of Appeals of Georgia generally exercises jurisdiction over similar cases that seek rescission and damages. Nevertheless, because the parties have submitted briefs and have had oral argument before this Court, in the interests of judicial economy, we will retain the case." (citation omitted)); *Schmidt v. Schmidt*, 270 Ga. 461, 461 (510 SE2d 810) (1999) ("We now hold that . . . jurisdiction lies in the Court of Appeals of Georgia. For reasons of judicial economy, we address the merits and reverse."); *Cline v. McMullan*, 263 Ga. 321, 321 n.1 (431 SE2d 368) (1993) ("Jurisdiction of this case lies in the Court of Appeals, but this court elected to hear

this appeal in the interest of judicial economy."); *Beauchamp*, 261 Ga. at 610 (2) n.1 ("We did not transfer this case back to the Court of Appeals for reasons of judicial economy and in order to reaffirm our earlier holdings that declare such appeals to be beyond our appellate jurisdiction.").

Because appeals of convictions for aggravated assault do not fall within the scope of this Court's subject matter jurisdiction, see Ga. Const. of 1983, Art. VI, Sec. VI, Pars. II and III; OCGA § 15-3-3.1, we transfer this appeal to the Court of Appeals.

*Appeal transferred to the Court of Appeals. All the Justices concur.*

Decided June 21, 2021.

Jurisdiction. Fulton Superior Court. Before Judge Glanville.

*John K. Kraus*, for appellant.

*Fani T. Willis, District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Mark S. Lindemann, Assistant Attorney General*, for appellee.