# Court of Appeals
# of the State of Georgia

ATLANTA,  June 30, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1450. JUAN CARLOS ORTIZ-VAZQUEZ v. ICELA GUZMAN AVELINO.

In this civil action arising under the Family Violence Act, OCGA § 19-13-1 et seq., the parties entered into a consent twelve-month protective order, which the trial court entered on November 13, 2019. Respondent Juan Carlos Ortiz-Vazquez later filed a motion to set aside the November 13 order and a motion for contempt, each of which the trial court denied in an order entered on March 23, 2021.[1] Ortiz-Vazquez then filed this direct appeal, seeking appellate review of the November 13 and March 23 orders. We lack jurisdiction.

Appeals of orders in domestic relations cases – including actions arising under the Family Violence Act – must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

---

[1] According to the March 23 order, the trial court previously issued a ruling adverse to Ortiz-Vazquez on the same issue that was raised in his motion to set aside. The trial court subsequently denied Ortiz-Vazquez's request for a certificate of immediate review as to the March 23 order.

Ortiz-Vazquez's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.[2] Appellee's Motion to Dismiss is GRANTED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  06/30/2021*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] Given our ruling on this issue, we express no opinion on: (i) whether Ortiz-Vazquez's appeal from the consent twelve-month protective order – which expired in November 2020 – is untimely or moot; (ii) whether the trial court's March 23 order also is subject to the discretionary appeal requirements based on the denial of Ortiz-Vazquez's motion to set aside, see OCGA § 5-6-35 (a) (8); or (iii) whether either order sought to be appealed also is subject to the interlocutory appeal requirements, see OCGA § 5-6-34 (b).