# Court of Appeals
# of the State of Georgia

ATLANTA,  May 11, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0356.  CHAD MICHAEL BUBRICK v. JASMIN ABIGAIL MARTINEZ BUBRICK.**

In August 2021, the trial court entered a family violence twelve month protective order against Chad Michael Bubrick. Bubrick filed pro se motions to set aside and vacate the protective order and for an out-of-time appeal. On March 8, 2022, following a hearing, the trial court dismissed Bubrick's motion to vacate the protective order. In a subsequent order entered on March 11, 2022, the trial court found that the protective order remained in full force and effect, noted that it had also denied Bubrick's motion for an out-of-time appeal at the hearing, and ordered Bubrick to appear at the April calendar.[1] Bubrick thereafter filed this application, seeking review of the trial court's orders denying his motions to set aside and for an out-of-time appeal.[2] We lack jurisdiction.

---

[1] Bubrick could not appeal from the trial court's denial of his motion for an out-of-time appeal until the court entered the March 11 order because "an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987).

[2] A party must file an application for discretionary appeal to obtain review of a protective order that was entered in an action brought under the Family Violence Act because such cases are domestic relations cases within the meaning of OCGA § 5-6-35 (a) (2). See *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved on other grounds by *Gilliam v. State*, 312 Ga. 60, 64 (860 SE2d 543) (2021).

To be timely, a discretionary application must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Bubrick's application was filed on April 13, 2022, 36 days after the trial court entered its March 8 order and 33 days after the trial court entered its March 11 order. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,*  05/11/2022

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*