# Court of Appeals
# of the State of Georgia

ATLANTA, June 06, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0003. GILLIAM v. THE STATE.**

In 2005, after a joint trial with co-defendants, Frederick Terrell and Michael Stinchcomb, Kevin Gilliam was found guilty of multiple counts of aggravated assault.[1] Gilliam was acquitted of murder and felony murder, but his co-defendant Terrell was found guilty of murder, among other charges. The trial court later denied Gilliam and Terrell's motions for new trial, as amended and they both timely filed notices of appeal to the Georgia Supreme Court. The Supreme Court determined that it did not have jurisdiction over Gilliam's case, and subsequently transferred the case to this Court. See *Gilliam v. State*, 312 Ga. 60, 65 (860 SE2d 543) (2021).

As always, "it is the duty of this Court to inquire into its jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction." *Southall v. State*, 300 Ga. 462, 462 (1) (796 SE2d 261) (2017). This case requires such an inquiry. The State notes in its appellate brief that "[d]uring the course of [Gilliam's] trial, the superior court directed verdicts of acquittal as to . . . three charges of aggravated assault and dead-docketed another." The original indictment reflects the same, and of the multiple counts of aggravated assault, "DD" is marked next to count 14, and "DV" beside the aggravated assault counts 12, 13, and 15. The verdict form is also consistent with the trial court either directing a verdict or otherwise disposing of 4 of the original aggravated assault counts, and lists only 9 aggravated assault counts for the jury's consideration. The final disposition sheet, however, reflects a "directed verdict of acquittal as of 12, 14, 15, 17."

---

[1] Gilliam was paroled in September 2011.

In *Seals v. State*, 311 Ga. 739, 739 (860 SE2d 419) (2021), the Supreme Court determined that a criminal case in which charges have been dead-docketed is non-final for purposes of appeal. See id. at 747-748 (3) (b) (noting that "the language of OCGA § 5-6-34 (a) (1) does not provide that there is a final judgment when 'the case is not active below'; it provides instead that there is a final judgment when the 'case is no longer pending … below'"); *Pavlov v. State*, 362 Ga. App. 831, 832, n.2 (870 SE2d 449) (2022) (This "appeal comes to us on interlocutory review. This is because a criminal case remains pending below when one or more counts of a multi-count indictment have not been resolved, and so review of the resolved counts can be had only by obtaining a certificate of immediate review and filing an interlocutory application.").

Accordingly, if indeed Count 14 was dead docketed and remains so, in order to appeal the denial of his motion for new trial, Gilliam is required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review. See *Seals*, 311 Ga. at 747 (3) (b) (explaining that as a practical matter "a dead-docketed count may be reinstated to the active docket any time at the trial court's direction. Inactive and final are not the same thing. . . . [P]lacing a count or counts on the dead docket certainly constitutes neither a dismissal nor a termination of the prosecution in the accused's favor. A case is still pending which can be called for trial at the judge's pleasure, or upon which the accused can make a demand for trial.") (citations, punctuation and emphasis omitted). See also OCGA § 5-6-34 (b). If, instead, the trial court directed a verdict as to Count 14 and all counts in Gilliam's multi-count indictment have been resolved, *Seals* does not apply and the case is final for purposes of a direct appeal.

However, in this case, we cannot ascertain nor exercise our jurisdiction absent certainty regarding the trial court's disposition of the charge in question. See *Doxey v. Crissey*, 359 Ga. App. 695, 700 (859 SE2d 849) (2021) (explaining the various functions of a remand and noting that one such function is "for clarification of an order or ruling.") (physical precedent only); *O'Brien v. State*, 353 Ga. App. 425, 428 (2) (838 SE2d 96) (2020)(case remanded to the trial court for clarification because

we were unable to determine whether the trial court found as a matter of fact that the defendant had agreed to pay the full amount of restitution or whether the trial court concluded that the court was authorized to award the full amount even if the defendant had not so agreed, which would constitute error).

According, given this discrepancy, we must remand the case for clarification of the trial court's judgment. After such resolution, the case may be transmitted to this Court for re-docketing.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   06/06/2022          *
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___Stephen E. Castlen_____ , *Clerk.*