# Court of Appeals
# of the State of Georgia

ATLANTA,  December 21, 2022

*The Court of Appeals hereby passes the following order:*

## A23D0175.  ALISHA WYNN v. DAVID URODE.

Alisha Wynn and David Urode are the parents of a minor child. The trial court entered a family violence protective order in favor of Urode and against Wynn, awarding temporary custody of the child to Urode and restraining Wynn from contacting the child.[1] Wynn filed a motion for new trial, which was denied, and she has filed a timely application for discretionary review of the order denying her motion for new trial, challenging, inter alia, the award of custody.

Ordinarily, appeals of orders in domestic relations cases – including actions arising under the Family Violence Act – must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved on other grounds by *Gilliam v. State*, 312 Ga. 60, 64 (860 SE2d 543) (2021). However, under OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases including, but not limited to, awarding, refusing to change, or modifying child custody" are directly appealable. See OCGA § 19-9-41 (4) (defining "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is in issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from family violence, in which the issue may appear."). Because Wynn challenges not only the protective order but also the custody award, this case is subject to direct appeal. See

---

[1] Prior to the child's relocation to Georgia, a Florida circuit court had also awarded Urode sole custody and prohibited Wynn from contacting the child.

*Voyles v. Voyles*, 301 Ga. 44, 46-47 (799 SE2d 160) (2017) (explaining that appellate courts look to the issue raised on appeal to determine whether a party is entitled to a direct appeal).

This Court will grant an otherwise timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, Wynn's application is GRANTED. She shall have ten days from the date of this order to file a notice of appeal with the trial court, if she has not already done so. See OCGA § 5-6-35 (g). The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/21/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*