# Court of Appeals of the State of Georgia

ATLANTA,  September 19, 2023

*The Court of Appeals hereby passes the following order:*

## A24A0238. DARREN HAARSTAD v. SHANTERA MCGHEE.

At the request of Shantera McGhee, the trial court entered a stalking twelve month protective order against Darren Haarstad. Haarstad then filed this direct appeal. We, however, lack jurisdiction.

As a general rule, stalking protective orders may be appealed directly. See, generally, *Thornton v. Hemphill*, 300 Ga. App. 647 (686 SE2d 263) (2009); *Rawcliffe v. Rawcliffe*, 283 Ga. App. 264 (641 SE2d 255) (2007). However, a discretionary application is required to appeal a protective order if such order was entered under the Family Violence Act because such cases are domestic relations cases within the meaning of OCGA § 5-6- 35 (a) (2). See *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved on other grounds by *Gilliam v. State*, 312 Ga. 60 (860 SE2d 543) (2021); see also OCGA § 5-6-35 (a) (2) (appeals from orders in domestic relations cases must be by discretionary application). "Family violence" is defined under the Act as the occurrence of specified acts "between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, and other persons living or formerly living in the same household." OCGA § 19-13-1. Here, Haarstad and McGhee are the parents of a minor son. Consequently, Harrstad was required to

following the discretionary appeal procedures to obtain review of the protective order. Harrstad's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  09/19/2023*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*