# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0470. TONY SIMS v. BRIA MADDOX.**

In this civil action arising under the Family Violence Act, OCGA § 19-13-1 et seq., the trial court entered a temporary protective order on May 18, 2023, followed by a 12-month protective order on June 6, 2023. Respondent Tony Sims later filed a motion to set aside the June 6 order; the trial court dismissed that motion in an order entered on July 11, 2023. On July 31, 2023, Sims filed this direct appeal, seeking review of the May 18 and June 6 orders.[1] We lack jurisdiction for multiple reasons.

First, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. See *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Sims's July 31 notice of appeal was untimely filed 74 days after the May 18 order and 55 days after the June 6 order.

Second, appeals of orders in domestic relations cases — including actions arising under the Family Violence Act — must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (b); *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved in part on other grounds by *Gilliam v. State*, 312 Ga. 60, 64 (860 SE2d 543) (2021). "Compliance with the

---

[1] In his initial notice of appeal, Sims states that he seeks to appeal an order entered on May 16, 2023, but no such order appears in the record on appeal. We presume that Sims intended to identify the May 18 order, which is the order entered closest in time to May 16.

discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Sims's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__11/13/2023_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] We express no opinion on whether an appeal from the May 18 order also would be subject to the interlocutory appeal requirements under OCGA § 5-6-34 (b). To the extent that Sims also seeks to appeal the July 11 dismissal of his motion to set aside the June 6 order, the appeal remains subject to the discretionary review procedures under OCGA § 5-6-35 (a) (2) & (b) as a domestic relations matter. For that reason, we express no opinion on whether any such appeal also is subject to the discretionary review procedures under OCGA § 5-6-35 (a) (8) & (b) (providing that "[a]ppeals from orders under subsection (d) of Code Section 9-11-60 denying a motion to set aside a judgment" must be initiated by filing an application for discretionary review.