# Court of Appeals
# of the State of Georgia

ATLANTA,  May 28, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0338.  DONALD DUBREUIEL v. EMILY DUBREUIEL.**

Donald Dubreuiel and Emily Dubreuiel are the parents of two minor children. The trial court entered a family violence protective order in favor of Emily and against Donald, awarding temporary custody of the children to Emily, and restricting Donald's visitation with the children. Donald has filed a timely application for discretionary review of the order, challenging the award of custody and visitation restrictions.

Ordinarily, appeals of orders in domestic relations cases – including actions arising under the Family Violence Act – must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved on other grounds by *Gilliam v. State*, 312 Ga. 60, 64 (860 SE2d 543) (2021). However, under OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases including, but not limited to, awarding, refusing to change, or modifying child custody" are directly appealable. See OCGA § 19-9-41 (4) (defining "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is in issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from family violence, in which the issue may appear."). Because Donald challenges a protective order involving child custody and visitation restrictions, this case is subject to direct appeal. See *Perlman v. Perlman*, 318 Ga. App. 731, 733 (1) (734 SE2d 560) (2012).

This Court will grant an otherwise timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, Donald's application is GRANTED. He shall have ten days from the date of this order to file a notice of appeal with the trial court, if he has not already done so. See OCGA § 5-6-35 (g). The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___05/28/2024_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*