# Court of Appeals
# of the State of Georgia

ATLANTA,  August 13, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0056. JOSEPH KELLY v. CINDY LITTLETON HETZER.

Joseph Kelly appeals directly to this Court from the trial court's order denying his motion to recuse in this case involving a family violence protective order.[1] Appellee Cindy Littleton Hetzer[2] has filed a motion to dismiss, arguing that we lack jurisdiction because Kelly failed to follow the interlocutory appeal procedure. For reasons that follow, we grant Hetzer's motion and dismiss the appeal.

Based on the limited appellate record, it appears that the case is still pending below. Accordingly, Kelly was required to comply with the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b) to obtain appellate review at this juncture. See *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002); *In re Booker*, 186 Ga. App. 614, 614 (367 SE2d 850) (1988). Under OCGA § 5-6-34 (b), an applicant for interlocutory appeal must obtain a certificate of immediate review from the trial court within ten days of entry of the order to be appealed and file an application for interlocutory appeal in this Court within ten days of entry of the certificate. Because Kelly failed to follow this procedure, we lack jurisdiction to consider this appeal.[3] See

---

[1] Kelly has also filed a direct appeal from the protective order. See Case No. A24A1489.

[2] We note that in the order Kelly seeks to appeal in Case No. A24A1489, the trial court spelled the appellee's last name as "Hester."

[3] Even if the case were not pending below, Kelly still would not have a right of direct appeal. Appeals of orders in domestic relations cases — including actions

*In re Booker*, 186 Ga. App. at 614.

Accordingly, Hetzer's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/13/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*

---

arising under the Family Violence Act — must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (b); *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved in part on other grounds by *Gilliam v. State*, 312 Ga. 60, 64 (860 SE2d 543) (2021).