**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 5, 2025**

# In the Court of Appeals of Georgia

A25A1014. PHANEUF v. ANTHONY.

HODGES, Judge.

At the request of Paul Anthony, the trial court entered a twelve-month dating violence protective order against Shandis Phaneuf. Phaneuf, proceeding pro se, filed this direct appeal, arguing, among other things, that Anthony is not reliable and lied to obtain the protective order. Because Phaneuf had no right to bring this appeal directly, this Court lacks jurisdiction. This appeal therefore is dismissed, and we do not reach the merits of Phaneuf's enumerations of error.

It is well settled that our state appellate courts have a solemn duty to inquire into their jurisdiction even when the issue is not raised by the parties to the appeal. See *State of Ga. v. Fed. Defender Program*, 315 Ga. 319, 324 (2) (882 SE2d 257) (2022);

*Ford v. Ford*, 347 Ga. App. 233, 233-234 (818 SE2d 690) (2018) (dismissing direct appeal involving domestic relations issue because appellant was required to bring the appeal via the discretionary application procedure set forth in OCGA § 5-6-35 (a) (2)). This is a duty we do not take lightly, and we have inquired into our jurisdiction in this case. *Ford*, 347 Ga. App. at 233.

As a general rule, a party may file a direct appeal from a protective order that was entered in an action brought under OCGA § 16-5-94, the general stalking statute. See *Bodi v. Ryan*, 358 Ga. App. 267, 268, n. 3 (855 SE2d 11) (2021) (holding that a protective order that does not arise out of a domestic relations matter is directly appealable). However, an appeal from a family violence protective order entered under the Family Violence Act, OCGA § 19-13-1 et seq., is considered a domestic relations case and must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (2) (providing that appeals from orders in domestic relations cases must be by discretionary application); *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999) ("We now hold that orders entered under the Family Violence Act must come by discretionary application and that jurisdiction lies in the Court of Appeals of Georgia."), disapproved on other grounds by *Gilliam v. State*, 312

2

Ga. 60, 64 (860 SE2d 543) (2021); accord *Birchby v. Carboy*, 311 Ga. App. 538, n. 2 (716 SE2d 592) (2011) (noting that an appeal from a family violence protective order must come via the discretionary appeal procedure). That said, the protective order currently before this Court is a dating violence protective order, and this Court has not previously considered whether the statutory scheme and public policy require that appeals from such orders are directly appealable or must come by discretionary application because such orders are in the nature of domestic relations cases.

Title 19 codifies Georgia's domestic relations laws, and Chapter 13 under that Title specifically addresses family violence protective orders. In 2021, the Georgia General Assembly enacted a statutory scheme providing for dating violence protective orders. See Ga. L. 2021, p. 658, § 2. This Chapter was codified within Title 19, the domestic relations title, rather than any other title. More importantly, the statutes addressing dating violence protective orders are included as Chapter 13A, directly following the statutes addressing family violence protective orders at Chapter 13. See OCGA § 19-13A-1 et seq. In fact, in the preface to the Chapter addressing dating violence protective orders, the General Assembly noted: "Title 19 of the Official Code of Georgia Annotated, relating to domestic relations, is amended by adding a new

chapter to read as follows: CHAPTER 13A[.]" (Punctuation omitted.) Ga. L. 2021, p. 659, § 2. Accordingly, we conclude that the statutory scheme requires that appeals from dating violence protective orders are in the nature of domestic relations cases, and must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (2). Public policy also requires that appeals from dating violence protective orders come via the discretionary application procedure because, as our Supreme Court noted, "the application process will allow appeals to come to the attention of the appellate court more quickly[, and t]his ability to seek expedited review and relief through the application process is warranted in cases involving family violence[,]" just as it is warranted in cases involving dating violence. *Schmidt*, 270 Ga. at 462 (1).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257 (471 SE2d 60) (1996). Because Phaneuf failed to follow the application process and pursue discretionary review in this case, we lack jurisdiction. Her appeal, therefore, is dismissed.

*Appeal dismissed. McFadden, P. J., and Pipkin, J., concur.*

4