# Court of Appeals
# of the State of Georgia

ATLANTA,  July 01, 2025

*The Court of Appeals hereby passes the following order:*

## A25A2068. JARRID HOUSTON v. CALA CAMPBELL.

On February 21, 2025, the trial court granted petitioner Cala Campbell a 12-month protective order under the Family Violence Act, OCGA § 19-13-1 et seq. Respondent Jarrid Houston filed this direct appeal on March 28, 2025. We lack jurisdiction for two reasons.

First, appeals of orders in domestic relations cases — including actions arising under the Family Violence Act — must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (b); *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved in part on other grounds by *Gilliam v. State*, 312 Ga. 60, 64 (860 SE2d 543) (2021). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Houston's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal.

Second, even if a direct appeal were proper here, a notice of appeal must be filed within 30 days after entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). Houston's notice of appeal was untimely filed 35 days after entry of the order he seeks to appeal.

For the above reasons, this untimely direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 07/01/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*