# Court of Appeals
# of the State of Georgia

ATLANTA,  July 14, 2025

*The Court of Appeals hereby passes the following order:*

**A25A2090. JOHN PATRICK CURRY v. WENDY LOUISE CURRY.**

In January 2021, Wendy Louise Curry ("Wendy") moved under Georgia's Family Violence Act, OCGA § 19-13-1, et seq., for a permanent Family Violence Protective Order against her former spouse, John Patrick Curry ("John").[1] The trial court granted that motion and entered a permanent protective order that, among other things, barred John from coming within 500 yards of, and from having any direct or indirect contact with, Wendy. In October 2023, John filed a "Motion for Relief from Judgment," seeking to have the protective order set aside. Wendy filed an answer to this motion in which she sought dismissal for failure to state a claim, an award of costs and attorney fees, and injunctive relief barring John from continuing his efforts to challenge the protective order. Following an October 2024 hearing, the trial court entered a series of orders on February 20, 2025, dismissing and denying: (1) John's motion to set aside; (2) John's motion seeking the disqualification of Wendy's attorney; (3) John's motion for default judgment; (4) John's motion to strike Wendy's responsive pleadings; and (5) all other motions pending as of October 31, 2024. Additionally, on February 25, 2025, the trial court entered an order awarding Wendy attorney fees and expenses pursuant to OCGA § 9-15-14 (a) and (b).  John filed a notice of appeal  as to all of the trial court's orders entered on February 20 and February 25.

---

[1] The court had previously granted Wendy a 12-month Family Violence Protective Order against John.

After filing of his notice of appeal, John filed a "Motion to Vacate" the protective order and a motion to reconsider all of the orders entered on February 20 and February 25, 2025. On March 18, 2025, the trial court entered orders denying each of those motions. Additionally, relying on OCGA § 23-3-110,[2] the court issued a Bill of Peace against John, effectively barring John from filing any further challenges to the protective order without the express permission of the trial court. On March 20, 2025, John filed an amended notice of appeal as to all of the trial court orders entered between February 20, 2025 and  March 18, 2025. As explained below, we lack jurisdiction over this appeal.

Appeals of orders entered in domestic relations cases — including cases arising under the Family Violence Act — must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (b); *Schmidt v. Schmidt*, 270 Ga. 461, 461-462 (1) (510 SE2d 810) (1999), disapproved in part on other grounds by *Gilliam v. State*, 312 Ga. 60, 64 (860 SE2d 543) (2021).  See also *Phaneuf v. Anthony*, ____ Ga. App. ____ , slip op. at *1 (Case No. A25A1014, June 5, 2025). Here, the various orders that John challenges all arose out of a case that originated under the Family Violence Act. Accordingly, to obtain appellate review of any of these orders, John was required to file an application for a discretionary appeal.  See *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal.").

Nor does there appear to be any other basis for a direct appeal. The denial of a motion to set aside a final judgment under OCGA § 9-11-60 (d) is subject to the discretionary application requirement of OCGA § 5-6-35, as is an order awarding

---

[2] That statute provides: "(a) It being the interest of this state that there shall be an end of litigation, equity will entertain a bill of peace: (1) To confirm some right which has been previously satisfactorily established by more than one legal trial and is likely to be litigated again; (2) To avoid a multiplicity of actions by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy; or (3) In other similar cases. (b) As ancillary to this jurisdiction, equity will grant perpetual injunctions." OCGA § 23-3-110.

attorney fees under OCGA § 9-15-14. See OCGA § 5-6-35 (a) (8), (10), (b). The orders denying John's "Motion for Relief from Judgment" and "Motion to Vacate" were, in substance, orders denying motions to set aside under OCGA § 9-11-60 (d) (2). See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature).[3] And, as noted above, the trial court's February 25, 2025 order awarded Wendy attorney fees pursuant to OCGA § 9-15-14 (a) and (b). Accordingly, even if we consider these orders separately, John was still required to file an application for discretionary review. See *Low v. Swift*, 367 Ga. App. 874, 876 (889 SE2d 122) (2023) (a party is required to follow the discretionary appeal procedures to obtain review of an order awarding attorney fees under OCGA § 9-15-14); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006) ("the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal").

"Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (citation and punctuation omitted). See also *In re Bruni*, 369 Ga. App. 488, 493 (8) (893 SE2d 862) (2023) ("The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.") (citation and punctuation omitted).

---

[3] Although denominated a "Motion to Vacate" and a "Motion for Relief from Judgment," each of these motions sought to have the protective order set aside on the basis of fraud. As the trial court recognized, such relief is available only under OCGA 9-11-60 (d) (2).

Accordingly, John's failure to follow the discretionary review procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  07/14/2025*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*