# Court of Appeals
# of the State of Georgia

ATLANTA,  May 04, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1675. MILAN MACEK v. CINADELLA ANN MACEK.**

Milan Macek has filed this direct appeal from the trial court's denial of his verified petition for stalking protective order pursuant to OCGA § 16-5-94 against his ex-wife, Cinadella Ann Macek. We lack jurisdiction.

"As a general rule, a party may file a direct appeal from a protective order that was entered in an action brought under OCGA § 16-5-94, the general stalking statute." *Phaneuf v. Anthony*, 375 Ga. App. 636, 637 (917 SE2d 191) (2025). However, given the nature of the relationship of the parties as ex-spouses, this case involves allegations of family violence. See OCGA § 19-13-1 ("family violence" is defined under the Family Violence Act as the occurrence of specified acts, including stalking, "between past or present spouses"). And an application for discretionary appeal is required to appeal when the order involves the Family Violence Act because such cases are domestic relations cases within the meaning of OCGA § 5-6- 35(a)(2). See *Schmidt v. Schmidt*, 270 Ga. 461, 461–62(1) (510 SE2d 810) (1999), disapproved on other grounds by *Gilliam v. State*, 312 Ga. 60 (860 SE2d 543) (2021); see also OCGA § 5-6-35(a)(2) (appeals from orders in domestic relations cases must be by discretionary application). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Milan Macek's failure to follow the discretionary appeals procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 05/04/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*